OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about April 4, 2012, affirmed, with $25 costs.
The trial court properly determined, based on the stipulated set of documents upon which the case was submitted by the parties, that the subject six-story building was completed prior to January 1, 1974, and thus is subject to rent stabilization coverage (see Rent Stabilization Code [9 NYCRR] § 2520.11 [c]). The initial temporary certificate of occupancy (C/O), issued by the Buildings Department on November 28, 1973, certified that the building premises, including its 48 residential units, conformed substantially to approved plans and specifications. Significantly, the permissible uses authorized by the initial, preJanuary 1, 1974 temporary C/O were identical to the uses specified in the renewed temporary C/O issued for the building on March 22, 1974, as well as those specified in the July 9, 1974 permanent C/O, save for the omission from the permanent C/O’s “Description of Use” of “gas and electric meter rooms” in the cellar area. Based on the stipulated documents, and the virtually identical building uses authorized in the initial November 28, 1973 temporary C/O and the follow-up C/O, the court was warranted in finding that the building had been completed prior to the critical statutory date of January 1, 1974 (see Matter of Ardor Mgt. Corp. v Division of Hous. & Community Renewal of State of N.Y., 104 AD2d 984 [1984]; see also 19 NYCRR 1202.3). While the July 9, 1974 permanent C/O, unlike the two prior temporary C/Os, contained no provision for the presence of “gas and electric meter rooms” in the building’s cellar, this seemingly incidental change in use can hardly be taken to mean that the building was completed after but not before the January 1, 1974 statutory date (see Ardor Mgt. Corp. at 987). Nor does the (Monday) June 24, 1974 completion date typewritten on the permanent C/O warrant a contrary result, since, so far as ap *88 pears, that date merely conformed to the (Saturday) June 22, 1974 expiration date of the renewed temporary C/O, and did not reflect any post-January 1, 1974 construction or installation work. Having stipulated to present its eviction claim solely on the basis of the submitted documents, without interpretive testimony, landlord is “bound by the consequences attendant upon the exercise of that prerogative” (California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144, 156 [2012]).
Lowe, III, P.J., Shulman and Hunter, Jr., JJ., concur.